**MEMO ENDORSED**

U.S. Department of Justice

Civil Division

SKShutler
Telephone: (202) 616-4046  Fax 4159
Email: Sharon.Shutler@usdoj.gov

Post Office Box 14271
Washington, D.C. 20044-4271

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/07

July 12, 2007

Honorable Peter K. Leisure
Senior U.S. District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007-1312

RECEIVED
CHAMBERS OF

JUL 17 2007

PETER K. LEISURE
USDJ/SDNY

RE: *Padilla v. United States*, 07-cv-3638

Dear Senior Judge Leisure:

In accordance with your Motions Practice Rule 2.A., Defendant United States respectfully submits this letter to initiate a pre-motion conference. The government seeks to file a Motion for a More Definitive Statement pursuant to Fed. R. Civ. P. 12(e). For this reason, we also request for an extension of time in order to complete the pre-motion conference before we answer the complaint.

Plaintiff, through this class action complaint, appears to seek unearned wages for overtime for both himself and all other crewmembers similarly situated. Plaintiff alleges that he, and other crewmembers, were paid unearned wages after having suffered illness or injury "in the service of Defendant's vessels" but alleges that overtime was improperly not included in the payment of unearned wages. The complaint contains nothing more.

There is no allegation of the date on which the alleged cause of action arose,[1] no identification of vessel on which the Plaintiff was employed, nor is there any mention of administrative claims that Plaintiff may have filed. Without more, the United States is unable to determine whether (1) the vessel in question is owned by the United States, (2) venue is proper, (3) an administrative claim has been properly filed, or (4) the statute of limitations has run.[2] In short, the complaint, as currently drafted, is so vague and

---

[1] See e.g., *International Tag & Salesbook Co. V. American Salesbook Co., Inc.*, 6 F.R.D. 45, at 4 (S.D. NY 1943), (motion for more definite statement granted where the plaintiff failed to specify time period in which activities alleged were claimed to be performed by defendant).

[2] The Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918, and the Public Vessel Act, 46 U.S.C. §§ 31101-31113 provides that a seaman seeking to sue the United States under

-2-

ambiguous that it fails to inform the United States as to the general nature of the action as well as the incident out of which the cause of action arose. *In re Methyl Tertiary Butyl Ether Products Liability Litigation*, 233 F.R.D. 133, at 2 (S.D. NY 2005) (Rule 12(e) is designed to remedy "unintelligible pleadings") . From the limited allegations, it is unclear whether the United States has waived its sovereign immunity and the Court has jurisdiction.

Very respectfully,

*Sharon Shutler*

SHARON K. SHUTLER
Trial Attorney
Torts Branch, Civil Division

cc: Mitchell Sternbach
    Dennis O'Bryan
    Bernard McShane

Defendant's request to file a motion for a more definitive statement is granted without need for a pre-motion conference.

7/23/07
SO ORDERED
USDJ

---

the Act must bring suit within two years of the occurrence on which the claim is based. 46 U.S.C. § 30905. The Clarification Act provides that no suit may be brought unless the claim has been presented to the United States Maritime Administrative (MARAD) in accordance with applicable regulations and has been administratively disallowed by that agency. 50 U.S.C. App. § 129(a); 46 C.F.R. § 327.1.