FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
MAERSK LINE LIMITED
80 Pine Street
New York, New York 10005
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOHN PADILLA,                                    Case No.: 1:07-cv-03638-PKL

          Plaintiff,

  - against -                                    ***ANSWER TO THE***
                                                        ***AMENDED COMPLAINT***

MAERSK LINE, LTD. and/or
UNITED STATES,

          Defendant.
------------------------------------------------------------x

    Defendant, MAERSK LINE LIMITED, by its attorneys, Freehill Hogan & Mahar, LLP, as and for an Answer to the Complaint alleges upon information and belief as follows:

    1.    Denies each and every allegation contained in paragraphs 1, 4, 8, 9 and 10 of the Amended Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs 2, 3, 5, 6 and 7 of the Amended Complaint.

NYDOCS1/292771.1

Page 2

## FIRST AFFIRMATIVE DEFENSE

3. The Amended Complaint, or parts of it, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

4. Plaintiff failed to properly serve process in this matter.

## THIRD AFFIRMATIVE DEFENSE

5. Process is insufficient.

## FOURTH AFFIRMATIVE DEFENSE

6. Plaintiff and/or members of the putative class have waived any rights to any further unearned wages.

## FIFTH AFFIRMATIVE DEFENSE

7. Plaintiff and/or members of the putative class are estopped from claiming any further rights to unearned wages.

## SIXTH AFFIRMATIVE DEFENSE

8. A class action is inappropriate pursuant to Fed. R. Civ. P. 23.

## SEVENTH AFFIRMATIVE DEFENSE

9. The putative class is not so numerous that joinder of all members is impracticable; the questions of law or fact are not common to the class; the claims or defenses of the representative parties are not typical of the claims or

NYDOCS1/292771.1

Page 3

defenses of the class and/or the representative party will not fairly and adequately protect the interests of the class.

### EIGHTH AFFIRMATIVE DEFENSE

10. The prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

### NINTH AFFIRMATIVE DEFENSE

11. Any adjudications with respect to individual members of the class would not, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication nor would it substantially impair or impede their ability to protect their interests.

### TENTH AFFIRMATIVE DEFENSE

12. The party opposing the class has not acted or refused to act on the grounds generally applicable to the class.

### ELEVENTH AFFIRMATIVE DEFENSE

13. Questions of law or fact common to the members of the class do not predominate over any questions affecting only individual members.

Page 4

## TWELFTH AFFIRMATIVE DEFENSE

14. A class action is not superior to other available methods for fair and efficient adjudication of the controversy.

## THIRTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims and/or the claims by the putative members of the class are barred by accord and satisfaction.

## FORTEENTH AFFIRMATIVE DEFENSE

16. The Southern District of New York is an incorrect or improper venue for this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

17. The Court lacks personal jurisdiction over Maersk Line Limited.

## SIXTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims and/or the claims of the purported members of the class are barred by the statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims and/or the claims of the putative members of the class are barred by laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims and/or the claims of the putative members of the class are barred by the fraudulent non-disclosure of prior medical conditions.

Page 5

**WHEREFORE**, defendant MAERSK LINE LIMITED respectfully requests that judgment be entered in its favor dismissing the Complaint with prejudice, together with the costs, disbursements and other expenses incurred in connection with this action, including attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         November 1, 2007

Respectfully submitted,

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
MAERSK LINE LIMITED

By: _____
John J. Walsh
80 Pine Street
New York, New York 10005
(212) 425-1900

TO:   Mitchell Sternbach, Esq.
      100 Merrick Road
      Rockville Center, NY  11570
      516-764-7200

      Dennis M. O'Bryan
      O'Bryan Baun Cohen Kuebler
      401 South Old Woodward, Suite 320
      Birmingham, MI  48009
      248-258-6262

      Roberta E. Askin
      580 Broadway, Suite 1101
      New York, NY  10012
      212-965-0010

NYDOCS1/292771.1