UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN PADILLA,

        Plaintiff,

-vs-                                      Case No: 1:07-cv-03638-PKL

MAERSK LINE, LTD.,

        Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S
MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO COMPEL PAYMENT OF OVERTIME**

    Plaintiff hereby replies to Defendant's Memorandum of Law in Opposition, <u>seriatim</u>, page by page.

    Page 1: Defendant leads off by citing the Particulars of Engagement and Discharge between the master [not Defendant] and the seaman: that document constitutes the shipping articles. <u>Myles v Sabine Transportation Co.</u>, 164 F.Supp. 2d 801, 804 n.1 (E.D. La. 2001). 46 USCA 10302(b)(4) mandates that "the amount of wages each seaman is to receive" shall be contained in the articles. Shipping articles are to be strictly construed (<u>Burie v Overseas Navigation Corp.</u>, 205 F.Supp. 182 (D.C. N.Y. 1962)) against the master and in favor of the seaman. <u>United States v Westwood</u>, 266 F.696 (4th Cir. 1920); <u>The Catalonia</u>, 236 F. 554 (E.D. Va. 1916); <u>Mason v Texas Co.</u>, 76 F.Supp. 318 (D. Mass. 1948); aff'd 171 F.2d 559 (1st Cir. 1949), cert. denied, 337 U.S. 915. The shipping articles have nothing to do with overtime, and should not be used as a vehicle for disenfranchisement of general maritime law rights.

    Defendant's attempt to equate the shipping articles between the master and seaman with

1

the collective bargaining agreement between Defendant and Plaintiff is unavailing.  There has not been, and will not be, any showing of any negotiation or collective bargaining re: the articles.  There is no quid pro quo compensating for abrogating Plaintiff's right to overtime vis-a-vis unearned wages.

      The articles are "a seaman's contract of hire".  Kossick v United Fruit, 365 U.S. 731, 734 n.4 (1961).  An individual employment contract is inadequate to modify the parameters of maintenance and cure.  Connors v Iqueque U.S.L.L.C., 2005 WL 2206922 *3 (W.D. Wash).  Plain and simple, the articles in this case merely state the base wage, in fulfillment of 46 USCA 10302(b)(4), and have nothing to do with overtime.

      Page 2: Defendant's acknowledgment that its non-payment of unearned wage overtime is a "long standing practice[]" confirms that this case is well suited for class action status.

      Page 3: Defendant argues that Plaintiff "can not prove how much overtime he would have earned".  To the contrary, Plaintiff's Affidavit, and deposition clearly spell out how much overtime he would have earned. To recap, Plaintiff testified that on Mondays through Fridays, he had three hours overtime each day, and on Saturday and Sunday, he would accumulate 11 more hours overtime (38-39).  Plaintiff testified he never turned down overtime (41).  Plaintiff testified that overtime is automatic and that the three hours a day he performed was to keep the galley clean (91-92).  Plaintiff testified that every ship has that same amount of overtime, except the one he was currently serving on with another company which paid more (95-96).  He testified it is not possible, and that it would be unsafe, to operate the vessel (89-90).

      Defendant has done nothing to factually discredit Plaintiff's computation of the overtime he would have earned but for his injury.

Defendant's position is further belied by its claims manager, Catherine O'Connell, whose Affidavit states at number 6 that she does include overtime with unearned wages as an inducement for a seafarer to settle[1]. How could she do that if overtime could not be computed. In his Motion, Plaintiff sought $12,972.96 as overtime for the period in question, November 6, 2006 to February 26, 2007. Defendant has since answered Plaintiff's Interrogatory re: overtime paid to his replacement man, and from [the shorter period of] November 13, 2006 to February 28, 2007, the replacement man was paid $15,103.52. (Exhibit A). Therefore, Plaintiff is probably low-balling the amount of his overtime entitlement, which is a benefit to Defendant, indeed.

Page 5: While Defendant argues that the level of unearned wages can be set by the collective bargaining agreement, that is neither here nor there because the collective bargaining agreement does not specify the level of unearned wages <u>albeit</u> it does provide for overtime pay in the ordinary course of employment.

Page 9: Defendant argues that "straight time is equal to unearned wages as a matter of law"; there is no factual or legal support for that ridiculous proposition.

Page 10: Defendant argues that "[i]t also appears that the <u>Lamont</u> court decision was premised on the ward of the court" doctrine. Appears to who? That doctrine is no where referenced in <u>Lamont</u> . Nevertheless, the Supreme Court still categorizes seamen as wards of the court. <u>Chandris, Inc. v Latsis</u>, 515 U.S. 347, 354-55 (1995).

Conclusion: In a word, Defendant's opposition to Plaintiff's Motion can be categorized as, THIN.

---

[1] This transgression is evidence of further abuse of seamens rights by Defendant insofar as a release for amounts admittedly due lack consideration. <u>Isthmian Lines, Inc. v Haire</u>, 334 F.2d 521, 523 (5th Cir. 1964).

O'BRYAN BAUN COHEN KUEBLER KARAMANIAN

/s/ Dennis M. O'Bryan

_____
Dennis M. O'Bryan
Attorney for Plaintiff
401 S. Old Woodward, Ste. 450
Birmingham, MI 48009
(248) 258-6262
(248) 258-6047
dob@obryanlaw.net

DATED:   June 23, 2008

## CERTIFICATE OF SERVICE

    The undersigned does hereby certify that on the 23rd day of June, 2008 the foregoing was filed through the Court's ECF Filing System and will be served on all parties through the Court's ECF system.

/s/ Dennis M. O'Bryan
_____
