```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
                                        DOC #
                                        DATE FILED: 10/29/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JOHN PADILLA,                      :
                                   :
                                   :    07 Civ. 3638 (PKL)(THK)
                   Plaintiff,      :
                                   :    **MEMORANDUM OPINION AND**
                                   :            **ORDER**
                                   :
             -against-            :
                                   :
                                   :
MAERSK LINE, LTD.,                 :
                                   :
                   Defendant.      :
-----------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff John Padilla brought this action against Defendant
Maersk Line, Ltd. ("Maersk"), on behalf of himself and a proposed
class of similarly-situated seamen.  Plaintiff claimed the right to
unearned wages that included overtime wages, under general maritime
law.  Specifically, the Complaint alleges that after seamen working
for Maersk suffered illness or injury, they were paid unearned
wages until the end of their voyage, along with maintenance and
cure, but were not paid overtime wages that they would otherwise
have earned in service aboard Maersk vessels. (See Complaint, dated
Apr. 27, 2007 ("Compl."), ¶¶ 3-4.)

At pre-trial proceedings before the District Court (Hon. Peter
K. Leisure, U.S.D.J.), the parties agreed to have the Court
determine Defendant's liability for overtime wages as unearned
wages, prior to addressing whether the action is suitable for class
action status. See Padilla v. Maersk Line, Ltd., 603 F. Supp. 2d

1

616, 620 (S.D.N.Y. 2009). Plaintiff therefore moved for summary judgment and, in a March 12, 2009 decision, the District Court granted Plaintiff's motion, concluding that Plaintiff is entitled to include his average overtime earnings in the unearned wage component of his maintenance and cure remedy. See id. at 627-29. The Court went on to find that Plaintiff Padilla is entitled to recover an additional $13,478.40 in unearned wages. See id. at 630.[1]

As originally intended, Plaintiff's counsel then advised the Court that he expected to proceed with discovery in advance of a class certification motion. Defendant's counsel proposed moving for a judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, on fewer than all of the claims in this matter, and requested that class discovery be stayed pending appeal of the Court's summary judgment decision. Plaintiff agreed to the proposal, and the Court stayed discovery on the condition that Defendant move expeditiously with respect to its Rule 54(b) motion. Subsequently, Defendant's counsel indicated that he would not file a Rule 54(b) motion, but intended to move to dismiss the case, because all of Plaintiff Padilla's claims had been resolved by the Court's March 12, 2009 decision. (See Letter to the Court from John J. Walsh, Esq., dated Aug. 19, 2009.) Plaintiff argued that the

---

[1] Defendant's motion for reconsideration was denied. See Padilla v. Maersk Line, Ltd., 636 F. Supp. 2d 256 (S.D.N.Y. 2009).

2

class claims remained in the action, and Defendant's claim of mootness was disingenous and legally meritless, since, by agreement of the parties, class certification and discovery had been deferred until the resolution of the legal issue underlying Plaintiff Padilla's and the class's claims to overtime wages as a part of unearned wages. Plaintiff's counsel indicated that he intended to file a motion to intervene on behalf of another Maersk seaman, and would seek class-related discovery. (See Letter to the Court from Dennis M. O'Bryan, Esq., dated Aug. 20, 2009.) The action was then referred to this Court to address the motion to intervene and Plaintiff's discovery requests.

Presently before the Court is a motion for permissive intervention, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, by Christopher Cupan, a member of the putative class on whose behalf the action was filed.

## DISCUSSION

### I. Legal Standard

Rule 24(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1)(B) and (3); see also Comer v. Cisneros, 37

3

F.3d 775, 801 (2d Cir. 1994) (finding intervention proper where intervenors had claims that presented common issues of fact and identical issues of law as those of the original plaintiffs, and intervention would not unduly delay or prejudice the adjudication of the rights of the original parties); Rivera v. N.Y.C. Housing Auth., No. 94 Civ. 4366 (PKL), 1995 WL 375912, at *3-4 (S.D.N.Y. June 23, 1995) (allowing permissive intervention after applying the same considerations).

"Permissive intervention is wholly discretionary with the trial court." U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978); accord Gulino v. Bd. of Educ., No. 96 Civ. 8414 (KMW), 2009 WL 2972997, at *4 (S.D.N.Y. Sept. 17, 2009). However, in seamen's actions, "[i]ntervention will . . . be freely allowed, since seamen are wards of the Court." Barninger v. Nat'l Mar. Union, 372 F. Supp. 908, 913 (S.D.N.Y. 1974).

II. Application

In opposing the motion to intervene, Defendant argues that Mr. Cupan has not shown "that he has a claim that shares with the main action a common question of law or fact. He only alleges that he was paid straight time unearned wages after repatriation from the Maersk Constellation." (Affirmation of John J. Walsh in Opposition to Plaintiff's Motion to Intervene, dated Sept. 23, 2009, ¶ 8.) The Court disagrees.

The original Class Action Complaint asserts that Plaintiff

4

Padilla and other similarly situated persons "suffered illness or injury in the service of Defendant's vessels and were thereafter paid unearned wages sans overtime they otherwise would have earned." (Compl. ¶ 3.)  Plaintiff claimed a right to unearned wages with overtime he otherwise would have earned. (See id. ¶ 4.)

In Mr. Cupan's motion to intervene, he contends that he worked on the M/V Maersk Constellation and departed the vessel on or about January 12, 2008, with an injury. He further contends that he was paid straight unearned wages, but not overtime wages. (See Memorandum in Support of Christopher B. Cupan's Motion to Intervene, dated Sept. 9, 2009, at 2; see also Proposed Second Amended Class Action Complaint Under Rule 9(b), dated Sept. 9, 2009, ¶ 3.)  In addition, Mr. Cupan attached to his motion his overtime records preceding his injury, and records of unearned wage payments he received after his injury, which did not include overtime.

Mr. Cupan's claim is virtually identical to the claims asserted by Mr. Padilla on his own behalf and that of the putative class.  He therefore satisfies the criteria for permissive intervention.  Moreover, there has been no argument that his intervention will unduly delay or prejudice the rights of the original parties, nor could there be.  The parties agreed to defer the issue of class certification until after the District Court resolved the summary judgment motion addressed to the merits of the

5

legal claim that forms the basis of Plaintiff's and the putative class's case. That motion was decided in Plaintiff Padilla's favor. Mr. Cupan's presence in the case as a class representative will facilitate, rather than frustrate, the class-related discovery that remains to be taken. "When a case is in its early stages, a motion to intervene is timely. Intervention is appropriate where intervenors are represented by the same counsel and their participation would facilitate effective adjudication of the dispute." Rivera, 1995 WL 375912, at \*3 (citation omitted).

Accordingly, Christopher Cupan's motion to intervene is granted.[2]

---

[2] This Court has not been asked to address Defendant's assertion that the action may be moot in light of the judgment entered in Plaintiff Padilla's favor, and that argument has not been raised in opposition to the motion to intervene. The Court notes, however, that there is some authority for the proposition that when there has not been undue delay in filing a class certification motion, and a party did not have a reasonable opportunity to apply for class certification earlier in the action, the resolution of a named Plaintiff's claims will not moot the class claims, and a subsequent motion for class certification will be permitted to relate back to the filing of the class complaint. See, e.g., Mental Disability Law Clinic v. Hogan, No. 06 Civ. 6320 (CPS)(JO), 2008 WL 4104460, at \*10-11 (E.D.N.Y. Aug. 29, 2008) (where named plaintiff did not unduly delay in filing class certification motion, allowing relation back of class certification motion to filing of complaint, where named plaintiff's claim had become moot); Nat'l Austl. Bank Sec. Lit., No. 03 Civ. 6537 (BSJ), 2006 WL 3844463, at \*2-4 (S.D.N.Y. Nov. 8, 2006) (recognizing exception to mootness doctrine, and allowing intervention of new class representative, where the original plaintiff was not in a position to move for class certification before his claim became moot); Eckert v. Equitable Life Assurance Soc'y of the U.S., 227 F.R.D. 60, 63-64 (E.D.N.Y. 2005) ("Although many cases applying the relation back doctrine have done so after a motion to certify the class has previously

6

The parties are to meet and confer with respect to the class-related discovery Plaintiff is seeking.  By November 13, 2009, they are to propose a schedule for completion of class-related discovery and the filing of a motion for class certification.

[This Opinion and Order resolves the motions docketed as entries # 29 and # 31.]

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: October 29, 2009
       New York, New York

---

been filed, in situations where a plaintiff has not yet had a reasonable opportunity to file a motion for class certification, namely, where there has been no undue delay, the court retains subject matter jurisdiction despite the plaintiff's failure to move for class certification.")(internal citations and quotation marks omitted); Clarkson v. Coughlin, 783 F. Supp. 789, 795 (S.D.N.Y. 1992) ("Under the more 'flexible' approach applied to class claims, the complaint itself is not rendered moot merely because the named plaintiff's claim is moot.  From the time a class action is filed until the time a final determination pursuant to Rule 23 is made, the action is treated as if the class existed for purposes of mootness.  This provides unnamed members of the plaintiff class an opportunity to intervene in the action and to pursue their claims.") (citations omitted).
     Here, Plaintiff did not unduly delay in filing a class certification motion.  Instead, he relied upon an agreement with Defendant and the Court to defer class certification until the issue of Defendant's liability was resolved.  Mr. Cupan's intervention will now facilitate the class certification process and matters related to class relief.

7