UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN PADILLA,                                              :
on behalf of himself and a class of similarly-            :
situated seamen,                                          :
                                                          :
                            Plaintiff,                    :
                                                          :
            -against-                                     :
                                                          :
MAERSK LINE, LTD.,                                        :
                                                          :
                            Defendant.                    :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/12

07 Civ. 3638 (RMB) (THK)

**OPINION & ORDER**

I.    **Background**

Before the Court is Maersk Line Ltd.'s ("Maersk" or "Defendant") second motion to

amend or obtain relief from the judgment filed on July 30, 2012, pursuant to Rules 59(e) and

60(b) of the Federal Rules of Civil Procedure. (Def. Mem. of Law in Supp. of Mot. to Amend J.

or Relief from J., dated July 30, 2012 ("Def. Mem.").)[1]  Defendant argues, among other things,

that 15 (additional) seamen should be removed from the Class because Defendant "overlooked"

the fact that they are governed by an American Maritime Officers Union Collective Bargaining

Agreement, dated August 6, 2007 ("AMOU CBA"), and are not entitled to any overtime pay that

they could have earned on days during which they were ill or injured while in Defendant's

employ. (Def. Mem.; Affirmation of John J. Walsh, dated July 30, 2012 ("Walsh Aff."), ¶ 5,

Ex. A at 14.)  Defendant argues that "manifest injustice" would result if these 15 seamen "were

permitted to obtain overtime benefits that are plainly disallowed by" the AMOU CBA. (Def.

Mem. at 1.)

---

[1]    Defendant's first motion to amend the judgment sought to remove from the Class two
seamen who had filed separate lawsuits.  That motion was granted and an amended judgment
was filed on July 25, 2012. See (Decision & Order, dated July 23, 2012; Am. Judgment, dated
July 25, 2012 ("July 25, 2012 Amended Judgment").)

On August 6, 2012, Plaintiff filed an opposition arguing, among other things, that the 15 seamen should not be removed from the Class (whose members have been awarded overtime pay) because: (1) Defendant's motion is "too late."  (Pl. Mem. of Law in Opp'n to Mot. to Amend J. or Relief from J. ("Pl. Opp'n") at 1.)  Among other things, the motion was filed after Defendant had filed a brief in the United States Court of Appeals for the Second Circuit on June 13, 2012 seeking to overturn the Court's January 31, 2012 judgment ("January 31, 2012 Judgment"); and (2) the (15) seamens' entitlement to unearned wages (overtime) may not be modified by contract.  (Pl. Opp'n at 1-3); Docket, No. 12 Civ. 0834 (2d Cir. 2012).)

**For the reasons set forth below, Defendant's motion to amend or obtain relief from the judgment is denied.**

## II.      Legal Standard

A motion to alter or amend a judgment under Rule 59(e) "must be filed 'no later than 28 days after the entry of the judgment.'"  Flemming v. New York, 423 F. App'x 64, 65 (2d Cir. 2011) (quoting Fed. R. Civ. P. 59(e)).  Where both an original and an amended judgment exist, a party "may not [base] its own untimely request for alteration of the [original] judgment on a wholly independent" ground from the one that gave rise to the amended judgment.  McNabola v. Chicago Transit Auth., 10 F.3d 501, 520 (7th Cir. 1993); see Kazazian v. Bartlett & Bartlett LLP, No. 03 Civ. 7699, 2007 WL 4563909, at *3 (S.D.N.Y. Dec. 19, 2007).

"Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."  Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990).  "[W]here a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect'"

under Rule 60(b)(1).  State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d

158, 177 (2d Cir. 2004).

### III.    Analysis

Preliminarily, the Court has jurisdiction to decide this motion because, although

Defendant previously filed a notice of appeal (on March 1, 2012), a "district court can entertain

and deny [a] [R]ule 60(b) motion" while an appeal is pending.  Toliver v. Cnty. of Sullivan, 957

F.2d 47, 49 (2d Cir. 1992); (see Order, No. 12 Civ. 0834 (2d Cir. Aug. 8, 2012).)

#### Rule 59(e) Motion

Defendant acknowledges that its Rule 59(e) motion is six months late ("delayed") but

argues, nevertheless, that removal of the 15 seamen would not prejudice the Class and would

prevent a "windfall."  (Def. Mem. at 2.)  Defendant also mentions that "the amended judgment

has only recently been entered and the case is on appeal."  (Def. Mem. at 2.)  As noted, Plaintiff

counters that Defendant's motion is "too late" under Rule 59(e), (Pl. Opp'n at 1), and points out

that Defendant has already "filed its [b]rief in the Second Circuit."  (Pl. Opp'n at 1.)

Defendant's Rule 59(e) motion is untimely because it falls far outside the 28-day filing

period and concerns "wholly independent grounds" than those that gave rise to the July 25, 2012

Amended Judgment (which dealt with awarding prejudgment interest in the amount of

$88,402.57 and removing two seamen from the Class).[2]  Meilleur v. Strong, 682 F.3d 56, 60 (2d

Cir. 2012); McNabola, 10 F.3d at 520; see Kazazian, 2007 WL 4563909, at *3; (Decision &

Order, dated July 23, 2012, at 3, 6.)

---

[2]    See supra note 1; see also (Am. Judgment, dated July 25, 2012.)

**Rule 60(b) Motion**

Defendant argues that its 181-day delay in bringing its Rule 60(b) motion is "excus[able]."  (Def. Mem. at 2.)  Defendant explains that it "overlooked" the AMOU CBA because other collective bargaining agreements which Defendant more closely reviewed did not contain a definition of unearned wages and the AMOU CBA "seemed to be the same."  (Def Mem. at 2; Walsh Aff. ¶ 5; H'rg Tr., dated July 19, 2012, at 7:25–8:2.)  As noted, Defendant also argues that removal of the 15 seamen would not prejudice the Class.  (Def. Mem. at 2.)  Plaintiff counters that the "time for the matters raised [in Defendant's Rule 60(b) motion] has passed."  (Pl. Opp'n at 1.)

The grounds for Defendant's Rule 60 motion fall under the rubric of excusable neglect. Stevens v. Miller, 676 F.3d 62, 67-68 (2d Cir. 2012).  Factors to be considered in evaluating excusable neglect include: "'(1) [T]he danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.'"  Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)) (brackets in original omitted); see also Canfield, 127 F.3d at 250.

After reviewing these factors, the Court concludes that Defendant is not entitled to seek a further (belated) amendment of the January 31, 2012 Judgment under Rule 60(b)(1).  First, the 15 seamen whom Defendant seeks to remove from the Class would stand to lose $111,989.48 collectively and would be substantially prejudiced.  Silivanch, 333 F.3d at 366.  They had been awarded a $111,989.48 judgment in this action on January 31, 2012 and clearly would be economically harmed if they were removed from this action more than six months after that

4

judgment was entered.  (Judgment, dated January 31, 2012); <u>Mitrani v. Aesthetech Corp.</u>, No. 95 Civ. 7293, 2001 WL 1097889, at *2 (S.D.N.Y. Sept. 10, 2001).  The instant motion also prejudices all Class members by threatening further to delay the distribution of the Class award. (<u>See</u> Hr'g Tr., dated July 19, 2012, at 6:23–7:8); <u>Pollard v. Does</u>, 452 F. App'x 38, 39 (2d Cir. 2011).

Second, "the length of the delay and its potential impact on judicial proceedings" also weighs against Defendant.  <u>Silivanch</u>, 333 F.3d at 366 (internal quotation marks omitted). Defendant entered into the AMOU CBA on August 6, 2007, nearly five years before it filed the instant motion.  Defendant must have reviewed the AMOU CBA because it is cited in Defendant's brief to the Court dated July 30, 2010 in opposition to class certification.  (Walsh Aff. Ex. A; Mem. of Law in Supp. of Def. Opp'n to Class Cert., dated July 30, 2010 ("Def. Opp'n to Class Cert.") at 7.)  Also, Defendant's motion comes nearly two years after class certification was granted on October 26, 2010, six months after entry of the January 31, 2012 Judgment, and four months after Defendant filed a notice of appeal of the January 31, 2012 Judgment.  Defendant's delay substantially impacts the timely resolution of this five-year-old case.  (Def. Opp'n to Class Cert. at 7; Walsh Aff. Ex. A); <u>Dominguez v. United States</u>, 583 F.2d 615, 617 (2d Cir. 1978) ("By no stretch of the imagination could [counsel's] 10-month delay . . . be characterized as 'excusable neglect.'"); <u>Canini v. U.S. Dep't of Justice Fed. Bureau of Prisons</u>, No. 04 Civ. 9049, 2008 WL 818696, at *3 (S.D.N.Y. Mar. 26, 2008); <u>Silivanch</u>, 333 F.3d at 366.

Third, Defendant has not proffered any valid reason for its delay.  Defendant appears to have failed adequately to review the AMOU CBA until just before the filing of the instant

motion.  The following exchange took place between defense counsel and the Court on July 19,

2012:

> DEF. COUNSEL: [W]e found 14 [sic] people in the class that should not be in the
> class [based on] the collective bargaining [agreement] . . . .
> THE COURT: So why didn't you present it when the application for class
> certification was made?
> DEF COUNSEL: It was overlooked, Judge. **We saw all the other collective
> bargaining agreements and they all seemed to be the same, and this one just
> was overlooked**.

(See H'rg Tr., dated July 19, 2012, at 7:13–8:2; see also Ltr. of John J. Walsh, dated July 19,

2012; Walsh Aff. ¶¶ 5, 12 ("[O]ne of the agreements was overlooked.").)  Defendant has

"fail[ed] to act with diligence" and "[b]y no stretch of the imagination" can this delay "be

characterized as 'excusable neglect.'"  Dominguez, 583 F.2d at 617; State St. Bank & Trust Co.,

374 F.3d at 177.[3]

Fourth, as noted, Defendant has not established a good-faith basis for its failure to bring

the AMOU CBA to the Court's attention earlier, e.g., in the context of the class certification

proceedings.  Silivanch, 333 F.3d at 366; see Canale v. Manco Power Sports, LLC, No. 06 Civ.

6131, 2010 WL 2771871, at *4 (S.D.N.Y. July 13, 2010) (movant "offer[ed] no evidence of a

good faith effort").

Because Defendant's motion to further amend the January 31, 2012 Judgment is untimely

and Defendant's neglect is inexcusable, the Court need not determine whether a collective

bargaining agreement can modify an entitlement to overtime wages during a period of illness or

injury.  Martha Graham Sch. and Dance Found., Inc. v. Martha Graham Ctr. of Contemporary

Dance, Inc., 466 F.3d 97, 101 (2d Cir. 2006).

---

[3]     The AMOU CBA is only 23 pages long and has been in Defendant's possession for five
years.  (Walsh Aff. Ex. A.).

## IV.   Conclusion

For the foregoing reasons, Defendant's motion to amend or obtain relief from the

judgment [#108] is denied.

Dated: New York, New York
        September 12, 2012



RICHARD M. BERMAN, U.S.D.J.